UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

SHERRI ERRINGTON,

        Petitioner,

v.

WARDEN BEDFORD HILLS C.F.,

        Respondent.
_____

**ORDER**

1:17-CV-00258 EAW

Petitioner Sherri Errington ("Petitioner") sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that she was being unconstitutionally detained in the custody of respondent Warden, Bedford Hills Correctional Facility ("Respondent"). The Court denied her Petition on August 5, 2019. (Dkt. 24). On August 9, 2019, Petitioner moved for the Court to issue a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253 regarding her claim that she was deprived of her constitutional right to the effective assistance of counsel because her trial counsel failed to advise her of her right to testify. (Dkt. 26). Respondent filed a response to the motion on August 26, 2019. (Dkt. 28).

Title 28 U.S.C. § 2253(c) provides that an appeal may not be taken of a district court's final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." "The courts of appeals uniformly interpret 'circuit justice or judge' to encompass district judges." *Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012).

Section 2253(c) permits the issuance of a COA "only where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537

- 1 -

U.S. 322, 336 (2003) (quotation omitted). "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations and alterations omitted). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338 (quotations omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.*

In its Decision and Order, the Court found that Petitioner failed to establish prejudice resulting from trial counsel's alleged failure to inform her of her right to testify. (*See* Dkt. 24 at 20). The Court held that because much if not all of the testimony Petitioner contends she would have provided was (1) already in the trial record via two confessions by Petitioner and (2) consisted of self-serving statements that the jury would have been entitled to discredit, Petitioner failed to show that there was a reasonable probability that but for trial counsel's alleged error, the result of Petitioner's trial would have been different. (*Id.* at 20-24). The Court also found it significant that one of the confessions was a video interview played for the jury in open court, which allowed the jury to hear Petitioner explain what happened in her own words without requiring Petitioner to undergo cross-examination. (*Id.* at 22).

However, the Court finds that reasonable jurists could debate whether it is reasonably probable that Petitioner's live testimony would have changed the outcome of

- 2 -

her trial. *See Jenkins v. Brown*, 412 F. App'x 394, 394-95 (2d Cir. 2011) (certificate of appealability granted "on the sole issue of whether Appellant was unconstitutionally deprived of his right to testify in his own defense" (quotation omitted)); *see also Chang v. United States*, 250 F.3d 79, 80 (2d Cir. 2001) (certificate of appealability granted as to petitioner's ineffective assistance of counsel claim "based on his allegations that his counsel prohibited him from testifying and that he would have testified had he known that counsel had no power to prevent him from doing so"). Accordingly, Petitioner's motion for a certificate of appealability (Dkt. 26) is granted as to Petitioner's ineffective assistance of counsel claim regarding her right to testify.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 26, 2019
      Rochester, New York